UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD L. ABERCROMBIE,<br><br>Defendant. | CASE NO. CR21-117 RSM<br><br>ORDER DENYING REQUEST TO REOPEN DETENTION HEARING |

This matter comes before the Court on Defendant's motion to reopen his detention hearing. Dkt. 25. Defendant argues that release is appropriate because he is in a stable long term relationship, his cooking equipment is in storage and will be lost if he is not released, and he is in pain from an ankle injury. *Id*. at 2. The government opposes the motion. Dkt. 32. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby DENIES the motion for the reasons stated herein.

**PROCEDURAL AND FACTUAL BACKGROUND**

On June 30, 2021, investigators executed search warrants arising from a large scale

ORDER DENYING REQUEST TO REOPEN DETENTION
ORDER
PAGE -1

investigation in this District. The Defendant was arrested on probable cause and charged via Complaint with felon in possession of a firearm. Dkt 1. The Defendant made his Initial Appearance on June 30, 2021, Dkt. 4, and the government moved for detention. Dkt. 6. The Court set a detention hearing for July 2, 2021. The defendant did not seek additional time to prepare. At the hearing the Court heard from defense counsel and the government, and Court granted the government's motion for detention. Dkt. 8, 9. The Court entered an order for detention, noting:

> Defendant has an extremely extensive criminal record that dates back to 1986, and includes assault, escape, and federal convictions for felon in possession of a firearm, possession of cocaine base with intent to distribute and carrying a firearm during and in relation to a drug trafficking crime. He violated the terms of his federal supervision three times, and his supervision was ultimately terminated upon request by the Probation Office. The current charge involves possession of two firearms at his residence.

Dkt. 9.

The Court found that:

> Defendant poses a risk of flight on several grounds. There have been 24 warrants issued for failure to appear, including multiple warrants while defendant was under federal supervision. Defendant poses a risk of danger based on his pattern of criminal conduct including violent offenses, and his history of drug use, gun possession and convictions for drug distribution. Defendant further exhibited a pattern of deception during federal supervision with both the Court and the probation office.

*Id.*

### DISCUSSION

The Court may reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a

ORDER DENYING REQUEST TO REOPEN DETENTION ORDER
PAGE -2

material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

In this case, the Defendant does not challenge any of the findings of the Court in the Detention Order.  The only bases for reopening the Detention Order relied upon by Defendant are that he is in a stable long term relationship, his cooking equipment for his business is in storage and will be lost if he is not released, and he is in pain from an ankle injury.  Dkt. 25 at 2-3.  None of these arguments are availing.

Although Defendant alleges in his motion that "because counsel had only a full day to prepare for the hearing, Mr. Abercrombie did not have the ability to present all of the information to the court that supports release," Defendant chose not to avail himself of a continuance pursuant to 18 U.S.C. § 3142(f)(2), which permits a continuance of the detention hearing for up to five days on the defendant's motion, or longer if there is "good cause".  Regardless, none of the information Defendant now presents was unknown to the Defendant, and indeed information regarding his long term relationship, the desire to return to his business activities, and his ankle injury were all presented at length at the detention hearing.  Dkt. 32 at Ex. A.

In particular, nothing in the record supports Defendant's argument that release is necessary to address his ankle injury.  Dkt. 25 at 3-4.  A review of Defendant's medical records demonstrate Defendant has ongoing access to care, and that surgery is not indicated at this time.  Dkt. 32, Ex. B at 11, 26, 39, 64 (order for the defendant to have a lower bunk to

ORDER DENYING REQUEST TO REOPEN DETENTION
ORDER
PAGE -3

avoid further injury, bandaging provided to stabilize and support his ankle, permission provided for brace to be supplied from home, x-ray noting fracture is healed.)  Courts have rejected claimed medical needs as a basis for release.  *See, e.g. United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990)("The evidence of a medical condition presented by Koenig does not indicate an emergency, or a condition that would necessarily inhibit flight").

The Court further finds that Defendant's allegations do not rise to the level of being material to the issue of detention or release when considered in light of the facts relevant to the 18 U.S.C. § 3142(g) factors[1] discussed below.  Defendant has a significant criminal history including federal convictions for controlled substances and firearms.  He violated the terms of his federal supervision three times, and his supervision was ultimately terminated upon request by the Probation Office.  As the Court found at the time of the original Detention Hearing, Defendant poses a risk of flight on the grounds that there have been 24 warrants issued for failure to appear, including multiple warrants while defendant was under federal supervision, and Defendant exhibited a pattern of deception during federal supervision with both the Court and the probation office.

Finally, it appears that in a call from the FDC on the day after the Detention Hearing, Defendant sought the assistance of another person to report his cellphone stolen, in order that

---

[1] A Court deciding a detention issue is to consider the following factors: (1) the "nature and circumstances of the offense charged," (2) the "weight of the evidence against" the defendant, (3) the "history and characteristics" of the defendant, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

the line be discontinued and the cellphone wiped.   At the end of the call, Defendant repeated his request that the cellphone be reported to T-Mobile as stolen and wiped, and that the call to T-Mobile should be made immediately.   Dkt. 32 at Ex. C.   Conduct that appears to involve an effort to interfere with the course of an investigation is of concern to the Court.

Defendant's extensive criminal history, including prior federal convictions, his poor performance under supervision, his record of failures to appear, and his history of deception with both the Probation Office and the Court, establish that Defendant presents both a risk of flight and a danger to the community.

The motion is DENIED.

DATED this 29th day of September, 2021.

*(signature)*

S. KATE VAUGHAN
United States Magistrate Judge