UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>EDWARD L. ABERCROMBIE,<br><br>Defendant. | CASE NO. CR21-117RSM<br><br>ORDER DENYING MOTION TO SUPPRESS EVIDENCE |

This matter comes before the Court on the Motion to Suppress filed by Defendant Edward L. Abercrombie. Dkt. #41. Defendant is charged in a one-count Indictment with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Although his is a stand-alone Indictment, this case is related to those brought against more than twenty other Defendants under roughly 13 different cause numbers, resulting from a 20-month investigation of drug trafficking.

On June 28, 2021, FBI Special Agent Shawna McCann applied for and obtained the search warrant for the residence and vehicles of Defendant along with nine other persons, 15 other places and 20 other vehicles. Defendant moves to suppress all evidence taken from his residence on June 30, 2021, arguing there was insufficient probable cause to support the warrant. The FBI and related task force began its investigation of the drug conspiracy sometime in 2019 and obtained multiple search warrants, trap and trace warrants, as well as wire communication warrants. Mr. Abercrombie appeared in two previous wiretap warrants. The basis for the search

ORDER – 1

of Mr. Abercrombie's residence, vehicles and person comes from two recorded telephone calls discussing the sale of narcotics back in September 2020. Defendant quotes the briefs calls. *See* Dkt. #41 at 3–4. Defendant request an evidentiary hearing but offers no argument in support. The Court has determined that a hearing is unnecessary given the parties' general agreement on the underlying facts.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and requires that a search warrant issue only upon a finding of probable cause. U.S. Const. amend. IV. The standard of review to be applied by judicial officers in reviewing and approving search warrants is set forth in *Illinois v Gates,* 462 U.S. 213, 103 S. Ct. 2317 (1983), which held that probable cause is a "practical, non-technical conception." 462 U.S. at 232. Furthermore, "[t]he task of the issuing [judicial officer] is simply to make a practical, common sense decision whether, given all of the circumstances set forth in the affidavit. . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id* at 238. In making this determination, the judicial officer is entitled to draw "reasonable inferences" based upon the information set forth in the affidavit. *Id* at 241. Further, the judicial officer is entitled to "rely on the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found." *United States v. Fannin*, 817 F.2nd 1379, 1382 (9th Cir. 1987). Additionally, as stated by the Ninth Circuit in *United States v. Terry*, 911 F.2nd 272, 275 (9th Cir. 1990):

> A magistrate is permitted to draw reasonable inferences about where evidence is likely to be kept based on the nature of the evidence and the type of offense . . . He need not determine that the evidence sought is in fact on the premises to be searched . . . or that the evidence is more likely than not to be found where the search takes place . . . The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit.

ORDER – 2

Once made, the probable cause determination is entitled to "great deference" by reviewing courts. *United States v. Alexander*, 761 F.2nd 1294, 1300 (9th Cir. 1985). When evidence of probable cause is lacking, the court's remedy is to suppress any evidence seized, unless the officers relying on the warrant can show good faith. *United States v. Leon*, 468 U.S. 897, 903 (1984).

The warrant application here was 554 pages long with a 168-page affidavit of Special Agent McCann. Although Defendant argues only six of these pages are devoted to him specifically, the remaining pages provide background information on the web of dealings between the Defendants. The affidavit demonstrates Defendant's prior felony convictions. It connects Defendant to a particular phone number and GPS data. It adequately connects Defendant and the phone associated with that number to the Barton Street address that was searched.

Defendant argues that "the affidavit of Agent McCann contains no facts at all to show that Mr. Abercrombie conducted drug transactions at his residence at SW Barton Street, Seattle, that he stored drugs or drug paraphernalia, records of drug transactions or any other indicia of drug dealing, or used his vehicles to conduct any type of drug trafficking." Dkt. #41 at 8.

The Government maintains that, viewing the totality of the 168-page affidavit, there was probable cause to believe that Defendant was engaged in drug trafficking and using the phone located in the residence at issue for that purpose. The Court agrees. The Court finds there was an adequate nexus between the evidence sought and the place to be searched because there was probable cause to believe that both the Defendant and the phone being used for the drug crimes would be at the Barton Street address. The warrant application did not need to demonstrate that any of the other evidence sought was in fact on the premises.

ORDER – 3

Defendant next contends that the probable cause to search his residence was stale because the recorded calls were from September 2020, nine months before the search. Staleness is evaluated on the basis of the facts of the case; the nature of the criminal activity, including whether it is ongoing, and the location to be searched. *See United States v. Dozier*, 844 F.2d 701, 707 (9th Cir. 1988); *United States v. Greany*, 929 F.2d 523, 525 (9th Cir. 1991). The Court agrees with the Government's analysis on this issue. The affidavit presented evidence connecting the Defendant to a years-long drug trafficking conspiracy. The Defendant's two calls implied an ongoing relationship, as they demonstrated longstanding familiarity and referenced drug trafficking both in the past and in the future. The affidavit established that the phone was itself physically present at the Defendant's residence as late as June 21, 2021, nine months after the last interception involving the defendant that was detailed in the affidavit, and only seven days before the search warrant was signed. There was probable cause that the phone would contain evidence of the conspiracy, and the evidence that the phone was at that address was not stale. Furthermore, the affidavit supported the search of Defendant's residence by explaining that dealers typically maintain records, drug trafficking paraphernalia, cash, firearms, and other evidence of their trafficking in their homes. Given the above standards, the Court finds that the probable cause finding for the warrant at issue was valid.

Having reviewed the briefing for this Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Suppress, Dkt. #41, is DENIED.

DATED this 20th day of April, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4